UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMERSON COLLEGE,<br>            Plaintiff<br><br><br>v.<br><br><br>EMERSON COLLEGE CHAPTER OF THE<br>AMERICAN ASSOCIATION OF UNIVERSITY<br>PROFESSORS,<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>)<br>) 00 11665 GAO<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND APPLICATION TO VACATE ARBITRATION AWARD

### Jurisdiction

1.      This is an action brought to vacate an arbitrator's award, pursuant to Section 301, Labor Management Relations Act, 29 U.S.C. §185(a), 9 U.S.C. §10, and 28 U.S.C. §1337, and this Court's original and statutory jurisdiction.

### Parties

2.      Plaintiff Emerson College (the "College") is an employer in an industry affecting commerce and is engaged in commerce within the meaning of 29 U.S.C. §§185(a) and 152(6) and (7), with a principal place of business in Suffolk County, Massachusetts.

3.      Defendant Emerson College Chapter of the American Association of University Professors (the "Union"), is a labor organization representing employees in an industry affecting

1

commerce within the meaning of 29 U.S.C. §§185(a) and 152(6) and (7), including a bargaining unit of employees employed by the College.

Grounds

4.     At all material times, the College and the Union were parties to a collective bargaining agreement (the "Agreement"), attached hereto as Exhibit A.

5.     At all material times, Bridget Murnane was a probationary assistant professor at the College.

6.     Pursuant to the Agreement, during the 1998-99 academic year, Murnane applied for and was considered for tenure.  Pursuant to the Agreement, on February 15, 1999, the President of the College, Jacqueline Liebergott (the "President"), recommended to the College's Board of Trustees that Murnane not be awarded tenure.  Later, the Board of Trustees voted to deny tenure to Murnane.

7.     On March 30, 1999, the Union filed a formal grievance regarding the President's recommendation.  Pursuant to the Agreement, the College denied the grievance as, *inter alia*, having no merit.

8.      On May 3 and 5, 2000, pursuant to Article XI of the Agreement, an arbitration hearing was held before Arbitrator Craig Overton regarding the Union's grievance.

9.     On August 4, 2000, the Arbitrator issued his Arbitration Opinion and Award (the "Award"), attached hereto as Exhibit B.  The Award stated that the College violated the Agreement with regard to Murnane's tenure decision, and the Award ordered the College to re-evaluate her for tenure.

10.     The Award stated that it was based on two findings, which together formed the

2

basis for the Arbitrator's order that the College re-evaluate Murnane's tenure application. The Award stated that Grafton Nunes, the Dean of the School of Arts (the "Dean") — in determining whether Murnane was qualified for tenure — improperly considered her refusal to chair a committee.   Further, the Award stated that Arthur Barron, the Chair of Murnane's department (the "Chair"), failed to complete a review of her by June 1, 1999.

11.     The Agreement states at Section 11.2 that "grievances regarding . . . tenure shall be procedural and not substantive in nature."  Further, the Agreement states at Section 11.4.3(d) that "[t]he arbitrator shall have no authority . . . (iv) [to] substitute the arbitrator's judgment for academic judgment in the establishment or the classification or changes in classification of any Member."  Under the Agreement, promotion to tenure is a change of classification.

12.     The Agreement states at Section 9.3.3, Step 15 that the Dean shall submit a recommendation as to whether to grant tenure to an assistant professor.  Section 9.3.3, Step 15 of the Agreement further states that, in rendering his recommendation, the Dean should consider the criteria of Sections 8.1 and/or 9.1 of the Agreement.

13.     Sections 8.1 and 9.1 of the Agreement state that a criterion to be considered by the Dean in making his tenure recommendation is the candidate's "service to the College." Specifically, Section 8.1 of the Agreement states that the candidate must "indicate a willingness to participate in the activities and programs of the College."  Section 9.1 states that the candidate is "expected to contribute to the work of the College in ways other than teaching, research, writing, publication, and professional or creative equivalents."  Section 9.1 lists some examples of such service, but expressly notes that the service expected of a tenure candidate is "not limited to" the examples listed.

3

14.     In his recommendation concerning Murnane's tenure application, the Dean found that Murnane had not met the service criteria for tenure because she had declined to take a chair role. As a result, in the Dean's academic judgment, Murnane had not satisfied the tenure criteria.

15.     The Arbitrator found that the Dean should not have considered Murnane's refusal to chair a committee. In so doing, the Arbitrator substituted his judgment for the academic judgment of the Dean, in violation of Article XI of the Agreement. Thus, the Arbitrator exceeded his authority and power under the Agreement.

16.     Further, the ruling described in paragraph 15 above does not draw its essence from the Agreement. Contrary to the Arbitrator's ruling, the Agreement does not prevent the Dean from considering a tenure candidate's willingness to chair a committee.

17.     The Agreement states at Section 8.5.4, "in the sixth year or before . . . the review for tenure shall take place according to the procedures described in Section 9.3.3." Under the Agreement, the tenure review process for Murnane commenced in March 1998. Under Section 9.3.3 of the Agreement, the Chair of Murnane's department was required to provide a recommendation for her tenure application by September 6, 1998. As the Arbitrator determined, this recommendation was provided by September 6, 1998.

18.     The Arbitrator found that, in addition to the recommendation discussed in paragraph 17 above, the Chair was required to have issued another recommendation. This ruling does not draw its essence from the Agreement.

4

<u>Count I</u>

19.     The allegations of paragraphs 1 through 18 are incorporated herein.

20.     The Arbitrator exceeded his authority and power under the Agreement by substituting his judgment for the academic judgment of the College.

21.     The Arbitrator exceeded his authority and power by finding that the College did not comply with the Agreement.  The Arbitrator's findings do not draw their essence from the Agreement.

22.     Therefore, the Award should be vacated, and the grievance should be denied.


WHEREFORE, the plaintiff respectfully requests that the Court:

1.     Enter an order vacating the Award; and,

2.     Grant such other and further relief as the Court deems just and proper.


EMERSON COLLEGE
By its attorneys,

Jonathan A. Keselenko, BBO#559604
Foley, Hoag & Eliot LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 832-1000

Dated: August 17, 2000